IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-945-ECM-SRW ) |
| JEROME ANTOINE et al., | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff William M. Lewis filed this action against Defendant Jerome Antoine, the Mayor of Georgiana, Alabama; Defendant the City of Georgiana, Alabama; and Defendant the City Council of Georgiana, Alabama. The court granted Plaintiff's application for leave to proceed *in forma pauperis*,[1] ordering the clerk to defer service of process on Defendants until further order of the court, pending review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Doc. 7 at 2. Before that review occurred, Plaintiff amended his complaint. Doc. 8.

Upon review of Plaintiff's first amended complaint (Doc. 8), the court afforded Plaintiff the opportunity to amend his complaint once again. Doc. 10 at 9. The court indicated that

---

[1] [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1).

1

> [t]he amended complaint shall comply with the Federal Rules of Civil Procedure and shall (1) clearly state which causes of action [Plaintiff] intends to state against the Defendants, and (2) for each cause of action alleged, set forth all of the material facts giving rise to the cause of action clearly and concisely, without omitting any of the necessary facts as discussed in this order.

*Id*.

Plaintiff filed a second amended complaint on October 21, 2019. Doc. 11. Upon review, the court finds that the second amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

Although the court construes *pro se* pleadings liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), *pro se* litigants must nonetheless follow the procedural rules, and the court will not be required to rewrite a deficient pleading. *See GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell, supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. [*Iqbal*, 556 U.S. at 678].

*Id.* Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, even if liberally construed, Plaintiff's second amended complaint (Doc. 11) must minimally satisfy Rule 8 to survive review under § 1915(e). Furthermore, an amended complaint entirely supersedes all prior complaints. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules of Civil Procedure an amended complaint supersedes the original complaint). Once a complaint is amended, the only issues before the court are those raised in the amended document, and the plaintiff may not rely upon or incorporate by reference his prior pleadings. This court has reviewed Plaintiff's second amended complaint (Doc. 11) in light of the foregoing principles.

    1. *Facts Alleged in Second Amended Complaint*

In his second amended complaint, Plaintiff alleges that the City of Georgiana, Alabama requires "public speakers [who] desire to speak before the City Council of

3

Georgiana, Alabama to seek permission to appear and speak before the city council at its official meetings." *Id*. at 2. The Mayor decides and "dictates to the city clerk" who is approved to speak before the City Council. *Id*. The City Council then "advertise[s] the agenda speakers before the start of each meeting." *Id*. On an unspecified date, Plaintiff submitted to the City Clerk of Georgiana, Alabama a "letter of request to appear before the City Council" at its scheduled meeting "due at that time to be held November 6, 2018."[2] *Id*. at 2–3. The letter is not attached to Plantiff's second amended complaint. Plaintiff alleges that, on November 2, 2018, he also provided each member of the City Council the letter of request. *Id*. at 3.  Plaintiff further alleges that, on November 2, 2018, he "was orally informed face to face by the City Clerk . . . that [his] letter request to appear before the City Council of Georgiana, Alabama was denied by the Mayor of the City of Georgiana, Alabama." *Id*. at 2–3.  According to Plaintiff, "the general rule and custom of the City of Georgiana, Alabama vest[s] in the mayor . . . the power to deny a public citizen the right to come before the public forum held be [*sic*] the City Council . . . weekly." *Id.* at 4. Plaintiff states that, had he been permitted to speak, he "would have informed the public about taxation and representation issues." *Id*.  Plaintiff claims that the Mayor "violated the US First Amendment" and that the "City of Georgiana, by and through its mayor, discriminated against [him] by engaging in viewpoint discrimination." *Id*. at 3–4.  Plaintiff alleges that, as a result, he incurred "stress and disappointment" for which he now seeks "Makewhole Relief." *Id.* at 4, 6.

2. *Discussion*

---

[2] Plaintiff filed his original complaint in this matter on November 2, 2018.

The First Amendment of the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech." The First Amendment guarantee against the abridgment of free speech has been extended to apply to government actors through the Fourteenth Amendment. *Everson v. Board of Educ.*, 330 U.S. 1, 8 (1947). In general, when a plaintiff alleges that government action has interfered with his or her protected speech, the court must determine (1) whether the speech at issue is protected, (2) the nature of the forum in which the speech occurred, and (3) whether the government's action is justified under the requisite standard. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985). The level of scrutiny applied typically depends on the type of forum involved. *Id*. The Eleventh Circuit has articulated the following with respect to claims that a city's procedural rules violate the First Amendment:

> "The freedom of expression protected by the First Amendment is not inviolate; the Supreme Court has established that the First Amendment does not guarantee persons the right to communicate their views 'at all times or in any manner that may be desired.'" *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir. 1989)(quoting *Heffron v. International Soc'y for Krishna Consciousness*, 452 U.S. 640, 647, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981)). This Court has held in *Jones* that a city commission meeting is one forum where speech may be restricted "'to specified subject matter.'" *Jones*, 888 F.2d at 1332 (quoting *City of Madison Joint School Dist. v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167, 176 n.8, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976)). Stated differently, city commission meetings are "limited" public for a—*i.e.*, "a forum for certain groups of speakers or for the discussion of certain subjects." *Crowder v. Housing Auth. of City of Atlanta*, 990 F.2d 586, 591 (11th Cir. 1993) (citing *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n.*, 460 U.S. 37, 46 n.7, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983)). As such, "the government may restrict access to limited public fora by content-neutral conditions for the time, place, and manner of access, all of which must be narrowly tailored to serve a significant government interest." *Id.* (citing *Perry*, 460 U.S. at 45–46, 103 S.Ct. 948).

*Rowe v. City of Cocoa, Fla.*, 358 F.3d 800, 802–803 (11th Cir. 2004).

Here, plaintiff expressly alleges "viewpoint discrimination," which indicates that he seeks to state a free speech claim on the theory that the Defendants prevented him from speaking based on the content of his speech. Doc. 11 at 4. However, Plaintiff's second amended complaint has not cured the deficiencies identified in the court's previous order (Doc. 10). First, the second amendment complaint does not contain sufficient factual detail to permit a finder of fact to determine whether the Council meeting at which he attempted to speak was a limited public forum "for certain groups of speakers or for the discussion of certain subjects." *Rowe*, 358 F.3d at 802 (quoting *Crowder*, 990 F.2d at 591). Plaintiff has neither alleged facts regarding the publicly stated purpose of the meeting in general (*e.g.*, whether the meeting was intended as a forum for general public comment or for the City Council to conduct its business with contributions from members of the public occurring only on specific topics or as specifically requested by the City Council), nor alleged facts regarding the purpose of the particular portion of the meeting at which Plaintiff sought permission to speak (*e.g.*, whether Plaintiff sought to speak during a part of the meeting expressly open to the public for comment or during a part of the meeting intended only for speakers invited to express particular viewpoints or to address particular topics). Second, Plaintiff's conclusory allegation of "viewpoint discrimination" (Doc. 11 at 4) is insufficient to state a claim under the First Amendment without underlying facts regarding the intended purpose of the alleged restrictions placed by Defendants on his right to speak at the City Council meeting. The court previously explained to Plaintiff that such information could come in a variety of forms—for example, information as to whether other persons desiring to express the same viewpoint or to address the same topic

Case 2:18-cv-00945-ECM-SRW   Document 12   Filed 12/19/19   Page 7 of 8

as Plaintiff were similarly prevented from speaking, while persons expressing an opposing viewpoint or discussing a different topic were permitted to speak at the November 6, 2018, meeting; whether Defendants made remarks evincing hostility specifically to Plaintiff's viewpoint, ideas, or intended subject matter; or whether Defendants had an affirmative interest in suppressing Plaintiff's expressed position or suppressing discussion of his intended topic. Third, given the dearth of factual detail regarding the events of November 2, 2018, the court is left to guess on what, if any, basis Plaintiff contends that Defendants did not have a compelling governmental interest in restricting Plaintiff's speech or that less restrictive means existed for furthering that interest. For instance, although Plaintiff maintains that he wished to speak on "taxation and representation issues" (Doc. 11 at 4), he has not alleged facts regarding the agenda of the November 6, 2018, City Council meeting; the stated purposes, if any, of the restrictions placed on his right to speak on that date or about those topics; and the availability of other channels of communication, including written communications and attendance at other City Council meetings. *See Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1251 (11th Cir. 2004); *Cornelius*, 473 U.S. at 800; *see also*, *e.g.*, *Vazzo v. City of Tampa*, Case No. 8:17-cv-2896-T-02AAS, 2019 WL 1048294, at *6 (M.D. Fla. Jan. 30, 2019), report and recommendation adopted sub nom. *Vazzo v. City of Tampa, Fla.*, Case No. 8:17-cv-2896-T-02AAS, 2019 WL 1040855 (M.D. Fla. Mar. 5, 2019).

Plaintiff has twice amended his original complaint. For the reasons stated herein, the court concludes that the allegations of Plaintiff's second amended complaint fail to provide sufficient factual detail to permit a finder of fact to determine whether the complained-of conduct violated Plaintiff's right to freedom of speech. Accordingly, it is

7

the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff's Motion for Judicial Help and Issuance of a FRCP 16 Scheduling Order (Doc. 9) be DENIED as MOOT.

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before January 6, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a  de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 19th day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge