IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:18-cv-945-ECM |
| | ) | (WO) |
| JEROME ANTOINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 12) which recommends that this case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B).[1] On January 6, 2020, the Plaintiff filed objections to the Recommendation. (Doc. 13). The Court has carefully reviewed the record in this case, including the Magistrate Judge's Report and Recommendation, and the Plaintiff's objections. *See* 28 U.S.C. § 636(b).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507,

---

[1] Lewis was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) on November 30, 2018. *See* Doc. 7.

513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 2006) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue." (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

The Court has reviewed the Plaintiff's objections, wherein he simply asserts that his complaint meets the standards set forth in the Federal Rules of Civil Procedure, and the law as defined by the Eleventh Circuit Court of Appeals. He objects to the Report and Recommendation without any specificity and without stating the bases for his objections. Despite the lack of specificity in the Plaintiff's objections meriting review only for clear error, the Court undertook a *de novo* review of Plaintiff's objections and finds that they are due to be overruled even under that more stringent standard of review.

Some procedural history of this case is relevant to the Court's determination. The Plaintiff filed his *pro se* complaint on November 2, 2018 alleging that the Mayor of Georgianna, Alabama "refused [his] request" to be placed on agenda to speak about the proposed ad-valorem tax. (Doc. 1 at 1). Thereafter, on December 26, 2018, the Plaintiff filed his First Amended Complaint again alleging that the Mayor refused him permission to speak to the City Council about the proposed ad-valorem tax. (Doc. 8 at 1). On October 10, 2019, the Magistrate Judge conducted the *mandatory* review of complaints brought by litigants seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), and concluded that the Court could not assess the viability of Lewis' claims raised in the

amended complaint. The Magistrate Judge, in a detailed order describing the deficiencies in the amended complaint,[2] directed Lewis to file an amended complaint that complied with the law. (Doc. 10). Lewis filed a second amended complaint on October 21, 2019. (Doc. 11). The Magistrate Judge recommended that this case be dismissed because the Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted. (Doc. 12). In his objections, the Plaintiff asserts that the Magistrate Judge "misconstrues" his complaint (doc. 13 at 1. The Plaintiff further alleges that "the Magistrate [Judge] overlooked the fact that Plaintiff was denied **access** to the public **facility** and denied access to the public **forum**. . . . [T]he public forum did not **accommodate** the Plaintiff." (*Id.* at 1-2) (emphasis in original).

After a careful review of his complaint as amended, the Court concludes that the Magistrate Judge did not misconstrue the complaint. The Court further finds that at no time did the Plaintiff allege that he was denied access to any public forum. In fact, in his second amended complaint, Lewis asserts that he was "orally informed face to face by the City Clerk" that his request to appear before the City Council was denied. Lewis did not raise this claim in his complaint as amended, and he cannot now amend his complaint to add a new claim by raising it in his objections to the Report and Recommendation. *See Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1314-15 (11th Cir. 2004).

---

[2] **Error! Main Document Only.**In the order, the Court explained that while a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." (Doc. 10) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Lewis' pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the Court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) *overruled on other grounds* by *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).

The Court has allowed the Plaintiff to amend his complaint twice. *See Brown v. Johnson*, 387 F.3d 1344, 1348 (11th Cir. 2004) ("[s]ection 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15."). Nonetheless, Lewis has still failed to adequately state a claim, and allowing the Plaintiff yet another opportunity to amend would be futile. *See Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court," and that leave to amend need not be given when the amendment would be futile). In this case, the Plaintiff's amended complaint fails to adequately set forth his claims or describe sufficient facts to support a

claim against the defendants. The Court finds that the well-reasoned Recommendation of the Magistrate Judge effectively addresses all of the Plaintiff's claims.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 13) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 12) is ADOPTED;

3. This case is DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(20(B); and

4. The Plaintiff's Motion for Judicial Help and Issuance of a FRCP 16 Scheduling Order (doc. 9) is DENIED as moot.

A final judgment will be entered.

DONE this 31st day of January, 2020.

   /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE